UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- x
GARY SPARAGO,

                       Plaintiff,             Case No. 20 Civ. 276 (KMK) (JCM)

     - against -

                                             AMENDED
BEAVER MOUNTAIN LOG HOMES, INC.,     **STIPULATION AND ORDER**
                                             **GOVERNING THE EXCHANGE OF**
                       Defendant.       **CONFIDENTIAL INFORMATION**

-------------------------------------- x

      This matter having come before the Court by stipulation of Plaintiff and Defendant for the entry of a confidentiality stipulation limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information produced by either party and their respective counsel or by any non-party in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

      IT IS HEREBY STIPULATED, AGREED, AND ORDERED, that:

      1.     This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

      2.     Either party may designate Documents produced or Testimony given in connection with this action as "confidential," either by notation on the Document or discovery response, statement on the record of the deposition, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, all information contained therein, and other information designated as confidential if such Documents or Testimony contain trade secrets, proprietary business information, competitively-sensitive information, sensitive personal information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental or harmful to the conduct of that party's business or personal affairs or the business or personal affairs of any of that party's customers or clients.

(b) "Producing Party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production, or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c) "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, and otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a Document or other material as Confidential Information. If the Producing Party does not agree to declassify such Document or material, then the Receiving Party may move before the Court for an order declassifying those Documents or materials. If no such motion is filed, then such Documents or materials shall continue to be treated as Confidential Information. If such motion is filed, then the Documents or other materials shall be deemed Confidential Information unless and until the Court rules

otherwise.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a) personnel of Plaintiff or Defendant actually engaged in or assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, who are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d) the Court and Court personnel, if filed in accordance with paragraph 12 hereof;

(e) any mediator or other neutral party selected and agreed to by the parties to conduct a mediation between the parties;

(f) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if

furnished, shown, or disclosed in accordance with paragraph 10 hereof;

    (g)    trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 9 and 10, respectively, hereof;

    (h)    Defendant's insurance carrier; and

    (i)    any other person mutually agreed to by the parties.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of the above-captioned action (the "Action") and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or to a consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and to be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen day period, the deposition shall be classified appropriately.

9. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information that have been designated as "Confidential Information" under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the agreement annexed as Exhibit A hereto. Counsel for the party obtaining that agreement shall supply a copy to counsel for the other party.

11. A party may designate as Confidential Information subject to this Stipulation any Document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those Documents, which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those Documents by counsel for the party asserting the confidentiality privilege. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions that are to be stamped or otherwise treated as confidential at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents shall be treated as Confidential Information.

12. ~~The following procedures for the use of Confidential Information shall apply:~~

(See Addendum A)

    (a) ~~A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other Documents that have previously been designated as comprising or containing Confidential Information, and any pleading, brief, or memorandum that reproduces, paraphrases, or discloses Confidential Information, shall provide all other parties with at least seven (7) days'~~

~~written notice of its intent to file such material with the Court so that the Producing Party may file by Order to Show Cause a motion to seal such Confidential Information. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal.~~

~~If the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other Documents that have previously been designated by a party as comprising or containing Confidential Information, and any pleading, brief, or memorandum that reproduces, paraphrases, or discloses such material, shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed with the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:~~

> ~~"This envelope, containing documents that are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties, and their counsel of record, except by order of the Court or consent of the parties. Violation hereof may be regarded as contempt of the Court."~~

~~(b)   As an alternative to the procedure set forth in paragraph 12(a), any party may file with the Court any Documents previously designated as comprising or containing Confidential Information by submitting such documents to the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption~~

~~of this litigation, the words "CONFIDENTIAL MATERIAL SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:~~

> ~~"This envelope, containing documents that are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties, and their counsel of record, except by order of the Court or consent of the parties."~~

~~Such documents shall be returned by the Court upon disposition of the motion or other proceeding for which they are submitted.~~

~~(c)   All pleadings, briefs, or memoranda that reproduce, paraphrase, or disclose any Documents that have previously been designated by a party as comprising or containing Confidential Information shall identify such Documents by the production number ascribed to them at the time of production.~~

13.   Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

14.   Any Document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Stipulation may be so designated by the party asserting the confidentiality privilege by written notice to counsel for the Receiving Party identifying the Document or information as "confidential" within a reasonable time following the discovery that the Document or information has been produced without such designation.

15. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of such party's right to object to the production or the disclosure of other information in this action or in any other action.

17. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly-noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Southern District of New York, any Order of the Court, or other applicable law.

18. This Stipulation shall continue to be binding after the conclusion of the Action except that (a) there shall be no restriction on Documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a party may seek the written permission of the Producing Party or further order of the Court with respect to the dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

19. Nothing herein shall be deemed to waive any privilege recognized by law or deemed to be an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20. Within sixty (60) days after the final termination of the Action by settlement or the exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. If any party chooses to destroy physical objects and Documents,

such party shall certify in writing within sixty (60) days after the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and Documents, and that such physical objects and Documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of Documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

21. This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a party to move for relief from any of its provisions or to seek or to agree to different or additional protections for any particular material or information.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

*[SIGNATURE PAGE FOLLOWS]*

Dated: September 24, 2021

| BRICK LAW PLLC | MALAPERO PRISCO & KLAUBER LLP |
|---|---|
| By: _____ <br> Brian H. Brick, Esq. | By: _____ <br> Jeffrey N. Rejan, Esq. |
| 2 Milford Close <br> White Plains, New York 10606 <br> (917) 696-3430 | 271 Madison Avenue, 17th Floor <br> New York, New York 10016 <br> (212) 661-7300 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

SO ORDERED:

_____
Hon. Judith C. McCarthy, U.S.M.J.   9-29-2021

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ x
GARY SPARAGO,

       Plaintiff,     Case No. 20 Civ. 276 (KMK) (JCM)

  - against -

BEAVER MOUNTAIN LOG HOMES, INC.,   **AGREEMENT TO ABIDE BY STIPULATION AND ORDER GOVERNING CONFIDENTIALITY**

       Defendant.

------------------------------------------------ x

_____ states that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulation And Order Governing the Exchange of Confidential Information (the "Confidentiality Order") entered in the action captioned above on _____.

5. I have carefully read and understand the provisions of the Confidentiality Order.

6. I will comply with all of the provisions of the Confidentiality Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Confidentiality Order and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and

documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Confidentiality Order in this action.

Dated: _____

_____
(Print Name):

**ADDENDUM A**

*Sparago v. Beaver Mountain Log Homes, Inc.*
20 Civ. 276 (KMK)(JCM)

**Paragraph 12 is replaced with the following:**

The following procedures for the use of Confidential Information shall apply:

Any party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other Documents that have previously been designated as comprising or containing Confidential Information, and any pleading, brief, or memorandum that reproduces, paraphrases, or discloses Confidential Information, shall provide all other parties with at least seven (7) days' written notice of its intent to file such material with the Court. The filing party must then seek and obtain a sealing order from the Court pursuant to Section 6 of the *Southern District of New York's Electronic Case Filing Rules & Instructions*. If the Court grants permission to file the Confidential Information under seal, the party shall also serve the Court and opposing counsel with unredacted courtesy copies of the confidential document. The parties will use their best efforts to minimize such sealing requests. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file, via the Court's Electronic Case Filing system, a copy of the same in which only the Confidential Information itself is redacted, and all other information that in no material way reveals the Confidential Information is retained.